IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00758-GPG

JIM KHER, a/k/a Jim Kherdeen, a/k/a Jim Khaeder, a/k/a Jim Kdeen,

    Plaintiff,

v.

WALIS ELIAS HAJJ, a/k/a Al Majnoon Al Harami,
COLORADO SECOND JUDICIAL DISTRICT,
DENVER COUNTY DISTRICT COURT,
JUDGE MICHAEL ANTHONY MARTINEZ, Individually and as a Denver District Court
    Chief Judge, Courtroom 259,
ABBY AARON, Individually and as Clerk of Denver District Court Chief Judge Michael
    Anthony Martinez Courtroom, Courtroom 259,
JUDGE ROBERT LEWIS MCGAHEY, JR., Individually and as a Denver District Court
    Judge, Courtroom 414,
JUDGE BRUCE JONES, Individually and as Denver District Court Judge, Courtroom 424,
DENVER COUNTY COURT,
JUDICIAL OFFICER THREESA SPAHN, Individually and as Denver County Court Judge
    and Formerly Denver County Presiding Judge over Denver County Judges,
    Magistrates, Courtroom 186,
JUDICIAL OFFICER JOHN MARCUCCI, Individually and as Denver County Junior Court
    Judge, Courtroom 159,
MAGISTRATE ELIZABETH FEDEL, Individually and as a Part Time Small Claims
    Magistrate, Courtroom 104,
MAGISTRATE MALISSA ANNIS, Individually and as a Magistrate at Denver County
    Court, Courtroom 105,
JUDICIAL OFFICER KERRI LOMBARDI, Individually and as Denver County Court
    Judge, Courtroom 3H,
ATTORNEY ANDY KLATSKIN, Individually and as agent of record for Bellaire Business
    Centre, LLC,
STATE OF COLORADO JUDICIAL DEPARTMENT,
GERALD (JERRY) A. MARRONEY, Individually and as State of Colorado Judicial Dept.
    Administrator,
ATTORNEY MATTHEW KYLE SAUER, Reg. # 40932, Individually and as an Attorney of
    the State of Colorado Judicial Department,
KELLY K. BOE, Individually and as Colorado 2nd Judicial District Administrator,
SABRA MILLETT, Individually and as Clerk of the 2nd Judicial District,
DENVER COUNTY PARKING TICKETS COURT,
DENVER COUNTY SHERIFF'S OFFCE,
SHERIFF PATRICKFIRMAN, Individually and as Denver County Sheriff,
DENVER COUNTY DEPUTY SHERIFF COLBURN,

DENVER POLICE DEPT.,
DENVER CITY ATTORNEY'S OFFICE,
UNITED STATES POSTAL SERVICE,
CASEY HAYES, Individually and as Manager of Wellshire Post Office Branch,
LANDMARK BROKERS OF COLORADO, INC.,
ISSAM HAJJ,
DAAD HAJJ,
LILLY HAJJ,
TONYA NOOR HAJJ,
HAJJI BABBA BAKERY,
BELLAIRE BUSINESS CENTRE, LLC,
CARPENTER & KLATSKI, P.C.,
GLORIA BLOUCH,
COLORADO ATTORNEY GENERAL'S OFFICE,
ATTORNEY JAMES QUINN, Individually and a First Attorney at Colorado Attorney
    General's Office,
JOHN DOES 1-100, AND
JANE DOES 1-100,

   Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Jim Kher, resides in Denver, Colorado. Mr. Kher initiated this action by filing *pro se* a Complaint (ECF No. 1), and an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (ECF No. 3).

On April 5, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because it was not filed on the Court's approved Complaint form. (ECF No. 6). Mr. Kher was directed to resubmit his Complaint on the court-approved form within 30 days. (*Id.*). He was advised that he could obtain a copy of the Complaint form at www.cod.uscourts.gov or, in person, at the District Court Clerk's Office, located at 901 19th Street, Denver, Colorado. (*Id.*). Magistrate Judge Gallagher warned Plaintiff that failure to comply with the April 5 Order would result in dismissal of

this action without further notice.   (*Id.*).

On May 8, 2017, Magistrate Judge Gallagher granted the Plaintiff's motions for extension of time and directed Plaintiff to file his Complaint on the court-approved Complaint form within 30 days.   (ECF No. 11).   Mr. Kher was warned again that failure to comply may result in dismissal of this action without further notice.   (*Id.*).

Mr. Kher filed a "Notice of Additional Defendants" on May 14, 18 and 30, 2017. (*See* ECF Nos. 12, 14, and 15).   However, Mr. Kher failed to submit a Complaint on the court-approved Complaint form by the 30-day deadline set in the May 8, 2017 minute order.   Because Mr. Kher has not complied with the court's orders directing him to cure a deficiency, this action will be dismissed.

This action will also be dismissed for Mr. Kher's failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*   In order for Plaintiff to state a claim in federal court, he "complaint must explain what each defendant did to [her] . . . ; when the defendant did it; how the defendant's action harmed [her] . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Kher names 43 Defendants in the caption of the Complaint, but fails to tie his lengthy factual allegations to the specific conduct of each named Defendant that allegedly violated his federally-protected rights.   Accordingly, it is

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Jim Kher, to comply with the April 5, 2017 Order Directing Plaintiff to Cure Deficiency and the May 8, 2017 minute order, as well as Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).   If Mr. Kher files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED June 15, 2017, at Denver, Colorado.

BY THE COURT:


\_\_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court